# FORM 1. VOLUNTARY PETITION
## United States Bankruptcy Court
### District of Delaware

**ORIGINAL VOLUNTARY PETITION**

99-2041

| | |
|---|---|
| **IN RE** (Name of debtor — If individual, enter: Last, First, Middle)<br>Hechinger Investment Company of Delaware, Inc. | **NAME OF JOINT DEBTOR** (Spouse) (Last, First, Middle)<br>**NONE** |
| **ALL OTHER NAMES** used by the debtor in the last 6 years (Include married, maiden, and trade names.) Hechinger Company; Hechinger Home Project Centers; Hechinger Stores Company; Home Quarters Warehouse, Inc.; HQ; Triangle Building Centers; Builders Square, Inc.; Builders Square; Better Spaces; Wye River Hardware and Home; Hechinger Hardware | **ALL OTHER NAMES** used by the joint debtor in the last 6 years (Include married, maiden, and trade names.) |
| **SOC. SEC./TAX I.D. NO.** (If more than one, state all.)<br>52-0277044 | **SOC. SEC./TAX I.D. NO.** (If more than one, state all.) |
| **STREET ADDRESS OF DEBTOR** (No. and street, city, state, and zip code)<br>1801 McCormick Drive<br>Largo, Maryland 20774 | **STREET ADDRESS OF DEBTOR** (No. and street, city, state, and zip code) |
| **COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS**<br>Prince Georges County, Maryland | **COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS** |
| **MAILING ADDRESS OF DEBTOR** (If different from street address) | **MAILING ADDRESS OF DEBTOR** (If different from street address) |

**LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR** (If different from addresses listed above)

The Debtor and its affiliates are headquartered in Largo, Maryland. Together, they operate approximately 206 retail stores located in 27 states and the District of Columbia.

**VENUE** (Check one box)
- [X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

**TYPE OF DEBTOR**
- [ ] Individual
- [ ] Joint (Husband & Wife)
- [ ] Partnership
- [ ] Other ___
- [ ] Corporation Publicly Held
- [X] Corporation Not Publicly Held
- [ ] Municipality

**NATURE OF DEBT**
- [ ] Non-Business/Consumer
- [X] Business — Complete A & B below

**A. TYPE OF BUSINESS** (Check one box)
- [ ] Professional
- [X] Retail/Wholesale
- [ ] Railroad
- [ ] Manufacturing/Mining
- [ ] Stockbroker
- [ ] Construction
- [ ] Real Estate
- [ ] Other Business

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**
The Debtor, together with its affiliates, are leading retailers of products and services for the care, repair, remodeling and maintenance of the home and garden.

**CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED** (Check one box)
- [ ] Chapter 7
- [X] Chapter 11
- [ ] Chapter 13
- [ ] Chapter 9
- [ ] Chapter 12
- [ ] Sec. 304 — Case Ancillary to Foreign Proceeding

**FILING FEE** (Check one box)
- [X] Filing fee attached
- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b); see Official Form No. 3.

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19899
(302) 658-6541

Willkie Farr & Gallagher
787 Seventh Avenue
New York, N.Y. 10019
(212) 728-8000

**NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR** (Print or Type Names)
Thomas L. Ambro, Esq.
Mark D. Collins, Esq.

Myron Trepper, Esq.
Marc Abrams, Esq.

- [ ] Debtor is not represented by an attorney.

### STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

**ESTIMATED NUMBER OF CREDITORS**
| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**ESTIMATED ASSETS** (In thousands of dollars) (consolidated)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100,000-over |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**ESTIMATED LIABILITIES** (In thousands of dollars) (consolidated)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100,000-over |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**EST. NO. OF EMPLOYEES — CH. 11 & 12 ONLY**
| 01-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|
| [ ] | [ ] | [ ] | [X] |

**EST. NO. OF EQUITY SECURITY HOLDERS — CH. 11 & 12 ONLY**
| 01-19 | 20-99 | 100-499 | 500-over |
|---|---|---|---|
| [X] | [ ] | [ ] | [ ] |

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE
JUN 11 8 03 AM '99

ORDER OF RELIEF

Name of Debtor Hechin... /vestment Company of Delaware, Inc.

Case No. _____
(Court use only)

## FILING OF PLAN
For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____ is attached.

☒ Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
| See Schedule 1 attached hereto | | |
| Relationship | District | Judge |
| | | |

### REQUEST FOR RELIEF
Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

**ATTORNEY**

X _[signature]_
Signature

June 11, 1999
Date

### INDIVIDUAL/JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

X _____
Signature of Debtor

_____
Date

X _____
Signature of Joint Debtor

_____
Date

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized.

X _[signature]_
Signature of Authorized Individual

Conrad F. Hocking
Print or Type Name of Authorized Individual

Vice President - Finance (acting CFO)
Title of Individual Authorized by Debtor to File this Petition

June 11, 1999
Date

### EXHIBIT "A"
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition. Not applicable

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, exhibit "B" has been completed.

X _____
Signature of Debtor

_____
Date

X _____
Signature of Joint Debtor

_____
Date

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney

_____
Date

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 Cases |
| | ) | |
| HECHINGER INVESTMENT COMPANY, | ) | Case No. 99-02261 (PJW) |
| OF DELAWARE, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

## REVISED FIRST AMENDED CONSOLIDATED PLAN OF LIQUIDATION

**August 14, 2001**

OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
230 Park Avenue, 30th Floor
New York, New York 10160
(212) 661-9100

Co-Counsel to the Official
Committee of Unsecured Creditors

-and-

PEPPER HAMILTON LLP
1201 Market Street, Suite 1600
P.O. Box 19899-1705
Wilmington, Delaware 19801
(302) 777-6500

Co-Counsel to the Official
Committee of Unsecured Creditors

The official committee of unsecured creditors appointed in the above-captioned cases (the "Committee"), hereby proposes and files this Consolidated Plan of Liquidation with respect to BSQ Acquisition, Inc., BSQ Transferee Corp., BucksProp Holding Company, Centers Holdings, Inc., Hechinger Company, Hechinger Finance, Inc., Hechinger Financial Holdings Company, Hechinger International, Inc., Hechinger Investment Company of Delaware, Inc., Hechinger Property Company, Hechinger Royalty Company, Hechinger Stores Company, Hechinger Stores East Coast Company, Hechinger Towers Company, HIDS, Inc., HProp, Inc., HQ Mid-Atlantic, LLC, HQ Partners, L.P., HQ Southwest, LLC, ManProp Holding Company, Pennsy, Inc., PhilProp Holding Company and RemProp, Inc., as debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, in each of their separate reorganization cases, which have been consolidated for procedural purposes only.

| | | |
|---|---|---|
| 1.92. | Senior Unsecured Claim | 11 |
| 1.93. | Stock of [Debtor] | 11 |
| 1.94. | Subordinated Debentures | 11 |
| 1.95. | Subordinated Debentures Claim | 11 |
| 1.96. | Subordinated Debentures Indenture | 11 |
| 1.97. | Substantive Consolidation Order | 11 |
| 1.98. | Unclaimed Property | 11 |
| 1.99. | United States Trustee | 11 |
| 1.100. | Vendor Litigations | 11 |
| 1.101. | Wind-down Budget | 12 |
| 1.102. | Wind-down Reserve | 12 |
| 1.103. | 1997 Transaction | 12 |

ARTICLE II. TREATMENT OF ADMINISTRATIVE CLAIMS, FEE CLAIMS AND PRIORITY TAX CLAIMS ...................... 12

| | | |
|---|---|---|
| 2.1. | Administrative Claims | 12 |
| 2.2. | Bar Date for Administrative Claims/General Unsecured Claims | 13 |
| 2.3. | Fee Claims | 13 |
| 2.4. | Bar Date for Fee Claims | 13 |
| 2.5. | Priority Tax Claims | 14 |

ARTICLE III. CLASSIFICATION OF CLAIMS AND INTERESTS AND GENERAL PROVISIONS ...................... 14

| | | |
|---|---|---|
| 3.1. | | 14 |
| 3.2. | Class 1 | 14 |
| 3.3. | Class 2 | 14 |
| 3.4. | Class 3 | 14 |
| 3.5. | Class 4A | 14 |
| 3.6. | Class 4B | 14 |
| 3.7. | Class 4C | 14 |
| 3.8. | Class 5 | 14 |
| 3.9. | Class 6 | 15 |
| | General Rules of Classification | 15 |

ARTICLE IV. TREATMENT OF UNIMPAIRED CLASSES ...................... 15

| | | |
|---|---|---|
| 4.1. | Non-Bank Secured Claims | 15 |
| 4.2. | Bank L/C Claims and DIP Bank Secured Claims | 16 |
| 4.3. | Priority Non-Tax Claims | 16 |

ARTICLE V. TREATMENT OF IMPAIRED CLASSES ...................... 16

| | | |
|---|---|---|
| 5.1. | Treatment of Class 4A Claims (Senior Unsecured Claims). | 16 |
| 5.2. | Treatment of Class 4B Claims (General Unsecured Claims). | 17 |
| 5.3. | Treatment of Class 4C Claims (Convenience Claims). | 17 |
| 5.4. | Treatment of Class 5 Claims (Subordinated Note Claims). | 17 |
| 5.5. | Interests | 17 |

ARTICLE VI. IMPLEMENTATION ...................... 18

| | | |
|---|---|---|
| 6.1. | Liquidation Trust | 18 |

| | | |
|---|---|---|
| 6.2. | Dissolution of Corporate Entities | 18 |
| 6.3. | Powers | 19 |
| 6.4. | Liquidation Trustee | 19 |
| 6.5. | Investments | 22 |
| 6.6. | Resignation, Death or Removal of Liquidation Trustee | 22 |
| 6.7. | Tax Treatment of Liquidation Trust | 22 |
| 6.8. | Liquidation Trust Interests | 22 |
| 6.9. | Funding of the Plan | 22 |
| 6.10. | Litigation Claims and Bondholder Action | 23 |
| 6.11. | Wind-down Reserve | 24 |
| 6.12. | Distribution Fund | 24 |
| 6.13. | Exemption from Certain Transfer Taxes | 25 |
| 6.14. | Employee Programs | 25 |
| 6.15. | Asset Sales | 26 |
| 6.16. | Setoffs | 26 |
| 6.17. | Compromise of Controversies | 26 |
| 6.18. | Withdrawal of the Plan | 27 |
| 6.19. | Cramdown | 27 |
| 6.20. | Kmart Claims and Waiver | 27 |
| 6.21. | Substantial Contribution to Cases | 28 |
| 6.22. | Fleet Reserve | 28 |
| 6.23. | Insurance Preservation | 28 |
| 6.24. | Closing of Bank L/C Fund | 29 |
| 6.25. | Continuation of ADR Program | 29 |
| 6.26. | Retention of Actions and Defenses | 29 |

ARTICLE VII. SUBSTANTIVE CONSOLIDATION ................................................... 29

| | | |
|---|---|---|
| 7.1. | Substantive Consolidation | 29 |
| 7.2. | Order Granting Substantive Consolidation | 30 |

ARTICLE VIII. EFFECT OF THE PLAN ON CLAIMS AND INTERESTS ............ 30

| | | |
|---|---|---|
| 8.1. | Surrender of Securities and Cancellation of Stock | 30 |
| 8.2. | Releases, Exculpation and Related Injunction | 31 |

ARTICLE IX. EXECUTORY CONTRACTS AND UNEXPIRED LEASES .............. 34

| | | |
|---|---|---|
| 9.1. | Assumption or Rejection of Executory Contracts and Unexpired Leases | 34 |
| 9.2. | Bar Date for Rejection Damages | 34 |
| 9.3. | Assumption and Cure of Executory Contracts and/or Unexpired Leases | 35 |

ARTICLE X. DISTRIBUTIONS ................................................................................. 35

| | | |
|---|---|---|
| 10.1. | Objections to and Estimation of Claims | 35 |
| 10.2. | Amendments to Claims | 36 |
| 10.3. | No Recourse to Liquidation Trustee | 36 |
| 10.4. | Non-Cash Property | 36 |
| 10.5. | Transmittal of Distributions and Notices | 37 |
| 10.6. | Unclaimed Property | 37 |
| 10.7. | Withholding Taxes and Expenses of Distribution | 37 |

any other claims of the Debtors against any vendor in connection with the purchase of product from, or the return of product to, such vendor.

1.101. **Wind-down Budget** means a budget acceptable to the Committee to be prepared by the Debtors and/or Committee or their financial advisors, estimating the funds necessary to administer the Plan and wind-down the Debtors' affairs, including, but not limited to, the costs of holding and liquidating Estate property, objecting to Claims, making the Distributions required by the Plan, paying cure amounts for contracts or leases on the Executory Contract Schedule, prosecuting Litigation Claims in accordance with the Plan, paying taxes, filing tax returns, paying professionals' fees, providing for the purchase of errors and omissions insurance and/or other forms of indemnification for the Liquidation Trustee, and other necessary and usual business expenses.

1.102. **Wind-down Reserve** means the reserve to be established on the Effective Date by the Liquidation Trustee in accordance with the terms of the Wind-down Budget to fund the winding up of the affairs of the Debtors and administering the Plan and Liquidation Trust. After the Effective Date, the Wind-down Reserve shall be supplemented to the extent necessary with 100% of the Net Proceeds from the collection, sale, liquidation or other disposition of any non-Cash property of the Debtors or the Liquidation Trust existing on or created after the Effective Date, including Litigation Claims, to the extent such property has not otherwise been allocated pursuant to the terms of the Plan (e.g., in the case of Non-Bank Secured Claims).

1.103. **1997 Transaction** means the transactions in or about 1997 pursuant to which (i) Hechinger Company acquired certain assets, operations and liabilities of Builders Square, Inc. from Kmart, and (ii) proceeds from a Credit Agreement dated September 26, 1997, as supplemented, between the Debtors and a lending group led by The Chase Manhattan Bank, were used to obtain the leveraged buy-out of the Hechinger Company from its existing shareholders and to provide revolving credit facilities to the new entity.

## ARTICLE II.

## TREATMENT OF ADMINISTRATIVE CLAIMS, FEE CLAIMS AND PRIORITY TAX CLAIMS

Administrative Claims, Fee Claims and Priority Tax Claims have not been classified and are excluded from the Classes set forth in Article III in accordance with section 1123(a)(1) of the Bankruptcy Code.

2.1. **Administrative Claims**

Unless otherwise provided for herein, each holder of an Allowed Administrative Claim shall be paid 100% of the unpaid allowed amount of such Administrative Claim in Cash on or as soon as reasonably practicable after the Distribution Date. Notwithstanding the immediately preceding sentence: (i) any Administrative Claims for goods sold or services rendered representing liabilities incurred by the Debtors in the ordinary course of business during the Chapter 11 Cases involving trade, service or vendor Claims, subject to compliance with any applicable bar date, shall be paid by the Debtors or Liquidation Trustee in the ordinary course in

would be in the best interests of the Estates to so act. On or as soon as practicable after the Effective Date, except as otherwise determined by the Liquidation Trustee as necessary or appropriate under the circumstances, (including with respect to the pursuit of causes of action in the name of the Estates), the Debtors shall be dissolved without any further action by the stockholders or directors of the Debtors. If necessary or appropriate, the Liquidation Trustee shall file a certificate of dissolution of the Debtors and shall take all other actions necessary or appropriate to effect the dissolutions of each of the Debtors under the state law where the respective Debtors were incorporated. All applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of reports or certificates.

### 6.3. Powers

(a) **Directors, Officers and Employees.** On the Effective Date, the authority, power and incumbency of the persons then acting as directors of the Debtors shall be terminated and such directors shall be deemed to have resigned. Each officer and employee in the employment of the Debtors as of the Effective Date shall automatically on the Effective Date be deemed employees of the Liquidation Trust and cease to be officers and employees of the Debtors, and solely for this purpose the Liquidation Trust shall be deemed a successor to the Debtors and the Retention and vacation Plans shall remain in effect for each such individual.

(b) **Succession by Liquidation Trustee.** The Liquidation Trustee shall succeed to such powers as would have been applicable to the Debtors' officers, directors and shareholders, and the Debtors shall be authorized to be (and, by the conclusion of the winding up of their affairs, shall be) dissolved.

### 6.4. Liquidation Trustee

The Plan Proponent has designated Conrad F. Hocking as Liquidation Trustee. The salient terms of the Liquidation Trustee's employment, including the Liquidation Trustee's duties and compensation (which compensation shall be negotiated by the Liquidation Trustee and the Plan Proponent), to the extent not set forth in the Plan, shall be set forth in the Liquidation Trust Agreement. In general, the Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The Liquidation Trustee shall have fiduciary duties to beneficiaries of the Liquidation Trust in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the creditor constituents represented by such a committee. The Liquidation Trust Agreement shall specify the terms and conditions of the Liquidation Trustee's compensation, responsibilities and powers. The duties and powers of the Liquidation Trustee shall include, without limitation, the following, but in all cases shall be consistent with the terms of the Plan:

(a) To exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by any officer, director or shareholder of the

-19-

(b) **Miscellaneous Rules.** (i) The words "herein," "hereof," "hereunder," and other words of similar import refer to this Plan as a whole, not to any particular section, subsection, or clause, unless the context requires otherwise; (ii) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply, unless superseded herein or in the Confirmation Order; (iii) any reference in the Plan to an existing document or Exhibit means such document or Exhibit as it may have been amended, restated, modified or supplemented as of the Effective Date; (iv) in computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply; and (v) whenever the Plan provides that a payment or Distribution shall occur "on" any date, it shall mean "on, or as soon as reasonably practicable after" such date.

## 12.10. Notices

All notices or requests in connection with the Plan shall be in writing and will be deemed to have been given when received by mail and addressed to:

(a) if to the Debtors:

Hechinger
1801 McCormick Drive
Largo, Maryland 20774
Attn: Conrad F. Hocking

with copies to:

Willkie Farr & Gallagher
787 Seventh Avenue
New York, New York 10019
Attn: Tonny K. Ho, Esq.
   Carollynn H.G. Callari, Esq.

and

Richards, Layton & Finger, P.A.,
One Rodney Square
Wilmington, Delaware 19899
Attn: Mark D. Collins, Esq.
   Deborah E. Spivack, Esq.

(b) if to the Liquidation Trustee or the Liquidation Trust:

Hechinger
c/o Liquidation Trustee
1801 McCormick Drive
Largo, Maryland 20774
Attn: Conrad F. Hocking

with copies to:

# PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS (this "Agreement"), dated as of October 7, 2009 is between the **HECHINGER LIQUIDATION TRUST** ("Trust" or "Seller") and **OAK POINT PARTNERS, INC. ("Purchaser")**.

## WITNESSETH:

WHEREAS, Hechinger Investment Company of Delaware, Inc., et al., ("Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered as Case No. 99-02261 (the "Bankruptcy Case"); and

WHEREAS, Certain causes of action have been initiated and judgments entered against certain defendants in connection with the Debtors' Bankruptcy Case as more particularly described in Exhibit A attached hereto (the "Judgments"); and

WHEREAS, Seller owns the rights to an allowed claim in the General American Mutual Holding Company (GAMHC) Receivership as denoted by Computershare account number C0001803883 (the "GAMHC Claim"); and



WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Trust remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, encumbered or resolved (the "Remnant Assets"); and

WHEREAS, Remnant Assets specifically **excludes** a) cash in the possession of the Trust at the time of this Agreement in bank accounts and earmarked on the balance sheet for any purpose, including, but not limited to, distribution to creditors, or payment of expenses of the Trust; b) the existing litigation matter with United Forest Products, Inc. and any proceeds thereof; and c) the Purchase Price (as hereinafter defined)(collectively, the "Excluded Assets") to be delivered pursuant hereto; and

WHEREAS, Seller has the power and authority to sell and assign all right, title and interest in and to the Judgments, GAMHC Claim, and Remnant Assets (the Judgments, GAMHC Claim, restitution payments and all other assets other than the Excluded Assets are referred to herein as the "Accounts") to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ payable within 3 business days of receipt by Purchaser of this executed Agreement.



2. **Assignment of Accounts.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Accounts, as well as any and all claims and rights related to the Accounts, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in satisfaction of the Accounts and all amounts, interest, costs due under the Accounts.

3. **Copies of Documentation.** Seller has provided to Purchaser copies of available back-up documentation for the Accounts.

4. **Authority to Sell.** Sale of Accounts by Seller is made pursuant to the authority vested in Seller.

5. **Payments Received on Accounts.** Seller further agrees that any payments received by Seller on account of any Accounts shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's offices set forth below. Seller agrees to forward to Purchaser all notices received with respect to any Accounts assigned herein and until its dissolution to take such action with respect to the Accounts, as Purchaser may from time to time reasonably request.

6. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller is the rightful holder of the Accounts and has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest in the Accounts to Purchaser as is set forth in this Agreement free of any liens or other encumbrances.
EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE ACCOUNTS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.



7. **Notice of Assignment.** Seller hereby authorizes Purchaser to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to any bankruptcy claim transfers and Seller hereby waives (i) its right to raise any objection thereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. With respect to non-bankruptcy claims, Seller authorizes Purchaser to file a change of address or notice of transfer (at Purchaser's discretion) and Seller waives its right to raise any objection thereto and its right to receive notice pursuant thereto.

8. **Mail Forwarding.** To the extent that Seller utilizes a dedicated P.O. Box or other mailing address which receives mail exclusively for the Trust (and not also for other unrelated entities or persons), then Seller agrees that subsequent to the closing of the Bankruptcy Case and when all work has been wrapped up for the Trust, Seller or a representative will file a change of address form with the U.S. Postal Service so mail sent to such dedicated address for the Trust will be forwarded by the U.S. Postal Service to Purchaser's P.O. Box. If requested by Seller, Purchaser will agree to monitor incoming mail and to use its reasonable efforts to forward to Seller such mail that Purchaser believes may require the attention of Seller.

9. **Documents of Assignment.** From time to time and until its dissolution upon request from Purchaser, Seller shall execute and deliver such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.



10. **Limited Power of Attorney.** Solely with respect to the Accounts, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Accounts herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Accounts and its rights thereunder pursuant to this Agreement.

2

11. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

12. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

THIS AGREEMENT has been duly executed as of the day and year first above written.

OAK POINT PARTNERS, INC.

By: *(signature)*
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 8338, Rolling Meadows, IL 60008
Address *(for overnight delivery)*: 1540 E. Dundee Rd., Suite 240, Palatine, IL 60074
tel (847) 577-1269    fax (847) 655-2746

HECHINGER LIQUIDATION TRUST

By: *(signature)*
Name: CONRAD F. HOCKING
Its: Liquidation Trustee

Address: ~~405 East Gude Drive, Suite 206, Rockville, MD 20850~~
tel (301) 838-4311

P.O. Box 1217, Rockville, MD 20849

3

 **Department of the Treasury**
**Internal Revenue Service**
Ogden, UT 84201

In reply refer to: 0444870840
Dec 12, 2008 LTR 147C
30-0008093

OAK POINT PARTNERS INC
1540 E DUNDEE RD STE 240
PALATINE       IL 60074-8320 659

Taxpayer Identification Number: 30-0008093

Form(s):

Dear Taxpayer:

This letter is in response to your telephone inquiry of December 12th, 2008.

Your Employer Identification Number (EIN) is 30-0008093. Please keep this number in your permanent records. You should enter your name and your EIN, exactly as shown above, on all business federal tax forms that require its use, and on any related correspondence documents.

If you have any questions regarding this letter, please call our Customer Service Department at 1-800-829-0115 between the hours of 7:00 AM and 10:00 PM. If you prefer, you may write to us at the address shown at the top of the first page of this letter. When you write, please include a telephone number where you may be reached and the best time to call.

Sincerely,

Pamela Hales
143882
Accounts Management



FRONT



BACK

CERTIFICATE OF EXTENSION
License expires four (4) years from expiration date on the face of license.
Jesse White
Illinois Secretary of State

NOTE